UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

In re:

STUART ROY MILLER,                                Case No.: 20-22497-EPK

    Debtor.                                              Chapter 7

_____/

**MOTION TO APPROVE SETTLEMENT AGREEMENT
BETWEEN OFFICE DEPOT, LLC AND STUART ROY MILLER**

Office Depot, LLC, as successor in interest to Office Depot, Inc. ("Office Depot"), pursuant to 11 U.S.C. § 105(a) and Fed. R. Civ. P. 41(a)(2), respectfully requests that the Court approve a proposed settlement agreement between JRS Health Services, LLC ("JRS"), Richard Falcha ("Falcha"), Jeffrey Bishop ("Bishop") and Stuart Roy Miller ("Miller" or the "Debtor"), with respect to Office Depot and the Debtor. In support of these requests Office Debtor states:

**BACKGROUND**

1. The Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code on November 13, 2020. ECF No. 1.

2. The case was converted to chapter 7 on March 8, 2021, and Michael Bakst has been appointed as the chapter 7 trustee. ECF Nos. 87 and 88.

    **A.**     **Office Depot's Claims.**

3. Office Depot is a nationwide retail office supplier and vendor, and is also a creditor of the Debtor.

4. Specifically, Office Depot and JRS were parties to a May 2020 trade vendor purchase agreement (as amended, the "TVA"), pursuant to which Office Depot was to purchase gloves and other supplies from JRS. In July and August 2020, Office Depot submitted purchase

{1031/000/00523776}                                1

orders to JRS under the TVA, and paid JRS a total of $11,875,000.00 towards its purchase orders.

5.      The products purchased by Office Depot have not been delivered, and a dispute arose between the parties regarding their performances under the TVA.

6.      On October 28, 2020 JRS returned $1,370,000.00 to Office Depot.  However, on January 15, 2021 Office Depot sued JRS and two of its members, Falcha and Bishop, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2021-CA-000631 XXXX MB (the "State Court Lawsuit").  On March 2, 2021 Office Depot filed an adversary complaint against the Debtor, who also was a member of JRS, in this bankruptcy case, Adv. Proc. No. 21-01074-EPK (the "Adversary Proceeding").  Through the Adversary Proceeding, Office Depot seeks to liquidate its claims against the Debtor and deem them non-dischargeable under 11 U.S.C. § 523.

### B.      The Proposed Settlement.

7.      A bona fide dispute exists between the parties regarding the TVA and amounts owed thereunder.

8.      The parties wish to settle the State Court Lawsuit, Adversary Proceeding, and any other claims related to the subject matter of the TVA and amounts owing thereunder.  Following settlement discussions the parties have prepared a proposed settlement agreement (the "Agreement").  A copy of the Agreement is attached as **EXHIBIT "A"**.

9.      The material terms of the Agreement, as it pertains to Debtor, are as follows:[1]

- JRS shall pay Office Depot a sum certain (the "Settlement Amount") through two installments.

- Office Depot shall file a motion with this Court seeking to dismiss the Adversary Proceeding with prejudice; provided, however, that the dismissal

---

[1]   Agreement terms are summarized herein for convenience purposes only.  Interested parties are encouraged to read and review the Agreement in its entirety.  To any extent the terms of the Agreement conflict with this motion, the Agreement shall control.

{1031/000/00523776}                    2

- is contingent upon approval of the Agreement by this Court as it pertains to the Debtor, and the Court retaining jurisdiction to enter a non-dischargeable final judgment in the event of a default by JRS.

- Upon payment of the Settlement Amount in full by JRS, Office Depot shall file a stipulation of dismissal with prejudice in the State Court Lawsuit.

- In the event JRS fails to make any payment under the Agreement, and fails to cure after notice, Office Depot shall be entitled to: (a) entry of a consent final judgment in the State Court Lawsuit against JRS, Falcha and Bishop, jointly and severally, in the amount of $10,500,000.00 less any amounts paid on the Settlement Amount, and (b) entry of a non-dischargeable judgment against the Debtor in the Adversary Proceeding, which holds him jointly and severally liable, with JRS, Falcha and Bishop, for the amount of the consent judgment in the State Court Lawsuit.

- Upon full performance by JRS and payment of the Settlement Amount in full, the parties shall exchange general releases.

- Subject to various exceptions, including being filed in this bankruptcy case for Court approval, the Agreement is confidential.

10.  Office Depot requests that the Court approve the Agreement with respect to Office Depot and the Debtor for purposes of resolving this Adversary Proceeding.

## ARGUMENT

By its terms, Fed. R. Bankr. P. 9019, which governs proposed settlements, is limited to motions filed by estate representatives such as trustees or debtors in possession. *See* Fed. R. Bankr. P. 9019(a). The Debtor is no longer the representative of his bankruptcy estate. As such, Fed. R. Bankr. P. 9019 does not apply to the Agreement. *See In re McKay*, 443 B.R. 511, 522–23 (Bankr. D. Ark. 2010) (settlement between creditor and chapter 7 debtor was not governed by Rule 9019 and did not require court approval) (citing cases).

Rather, Office Depot seeks approval of the settlement and the ultimate dismissal of the Adversary Proceeding through Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2), which applies in adversary proceedings and contested matters through Fed. R. Bankr. P. 7041 and 9014, states in relevant part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the

{1031/000/00523776}  3

court considers proper." Fed. R. Civ. P. 41(a)(2). Given the phrase "on terms that the court considers proper," a court analyzing Rule 41(a)(2) dismissal request "must exercise its broad equitable discretion . . . to weigh the relevant equities and do justice between the parties . . . attaching such conditions to the dismissal as are adeemed appropriate." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986) (citations omitted). Dismissal on a Rule 41(a)(2) motion "is within the sound discretion of the district court, and its order may be reviewed only for an abuse of discretion." *Id.*

Moreover, the Supreme Court has determined that district courts may retain ancillary jurisdiction to enforce settlement agreements if provided in a Rule 41(a)(2) dismissal order:

> If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree.

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381, 114 S.Ct. 1673 (1994) (emphasis removed).

The Court should exercise its discretion to approve the Agreement with respect to the Debtor and Office Depot, which will result in the dismissal of the Adversary Proceeding, while retaining jurisdiction to enter a default judgment against the Debtor. The Agreement is the result of extensive, good faith negotiations between the parties. Its approval will resolve two cases, the State Court Lawsuit and Adversary Proceeding, that otherwise will be heavily litigated for a

substantial period of time. Approval of the Agreement conserves the resources of the parties, promotes judicial economy and does not prejudice any interested party.

Finally, to the extent Rule 41(a)(2) dismissals are not approved, it is often because the parties have not placed temporal or other limits on jurisdiction in the event of a default. *See Brass Smith, LLC v. RPI Indus., Inc.*, 827 F.Supp.2d 377, 383 (D. N.J. 2011) ("The difficulty with the parties' proposed language is that there are no temporal or other limits to the Court's jurisdiction over the settlement agreement."). The issues in *Brass Smith* are not present here, because the parties simply request that the Court retain jurisdiction to enter a default judgment against Debtor in the event JRS defaults in paying the Settlement Amount. Under the terms of the Agreement, JRS will either pay the Settlement Amount in full or default within less than two months, i.e. by June 2021. Thus, there is a built-in temporal limit of this Court's jurisdiction over the Settlement.

Approval of the Settlement is appropriate under Rule 41(a)(2), and the Court should grant the Motion.

[Remainder of Page Intentionally Left Blank]

**WHEREFORE**, Office Depot respectfully requests that this Court enter an order substantially in the form attached as **EXHIBIT "B"**: (1) approving the Agreement with respect to Office Depot and the Debtor, (2) dismissing the Adversary Proceeding with prejudice, (3) reserving jurisdiction to interpret and enforce the Agreement, and enter a default judgment against the Debtor as provided for therein, and (4) providing for such further relief as the Court deems just and proper.

Dated: June 9, 2021

                                                    Respectfully submitted,

                                                    **SHRAIBERG, LANDAU & PAGE, P.A.**
                                                    Attorneys for Office Depot
                                                    2385 NW Executive Center Drive, Suite 300
                                                    Boca Raton, Florida 33431
                                                    Telephone: 561-443-0800
                                                    Facsimile: 561-998-0047
                                                    Email: bss@slp.law
                                                    Email: pdorsey@slp.law

                                                   By:    */s/ Bradley Shraiberg*
                                                            Bradley Shraiberg, Esq.
                                                            Fla. Bar. No. 121622
                                                            Patrick Dorsey, Esq.
                                                            Fla. Bar. No. 0085841

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on June 9, 2021.

                                                               By: */s/ Bradley S. Shraiberg*