# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is made by, between, and among OFFICE DEPOT, LLC, as successor-in-interest to OFFICE DEPOT, INC. ("Office Depot"), on the one hand, and JRS HEALTH SERVICES, LLC ("JRS"), RICHARD FALCHA ("Falcha"), JEFFREY BISHOP, ("Bishop"), and STUART MILLER ("Miller") on the other hand.  Office Depot, JRS, Falcha, Bishop, and Miller are each referred to as a "Party" to this Agreement and collectively referred to as the "Parties" to this Agreement.

## RECITALS

**WHEREAS**, on May 22, 2020, Office Depot and JRS entered into a Trade Vendor Purchase Agreement ("TVA") and Addendum to TVA; and

**WHEREAS**, on August 26, 2020, Office Depot and JRS entered into an additional Addendum to Trade Vendor Purchasing Agreement for Glove Purchases (the "Glove Addendum"); and

**WHEREAS**, on July 1, 2020, pursuant to the TVA and Addendum to TVA, Office Depot submitted a purchase order for 300,000 boxes of Hartalega Gloveon Coats Nitrile Powder Free Examination Gloves (the "Hartalega Gloves"), for a total purchase price of $2,751,000.00; and

**WHEREAS**, on July 2, 2020, Office Depot paid to JRS the sum of $1,375,000.00 toward the purchase of the Hartalega Gloves; and

**WHEREAS**, on August 26, 2020, pursuant to the TVA and Glove Addendum, Office Depot submitted a purchase order for 2,960,000 boxes of  100 Count Intco Synguard Powder Free Nitrile Examination Gloves manufactured by Shandong Intco Medical Products Co Ltd (the "Intco Gloves"), for a total purchase price of $23,976,000.00; and

1

**WHEREAS**, on August 27, 2020, Office Depot paid to JRS an initial deposit of $10,500,000.00 as partial payment toward the purchase of the Intco Gloves; and

**WHEREAS**, a dispute has arisen between the Parties regarding their respective performances under the TVA, and the Hartalega and Intco Gloves have not been delivered to Office Depot; and

**WHEREAS**, on October 28, 2020, JRS returned $1,370,000.00 to Office Depot; and

**WHEREAS**, on November 3, 2020, Office Depot advised JRS that it was cancelling its orders and demanded a return of all remaining amounts paid to JRS; and

**WHEREAS**, on January 15, 2021, Office Depot filed a lawsuit against JRS, Falcha, and Bishop in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled *Office Depot, LLC, as successor-in-interest to Office Depot, Inc. v. JRS Health Services, LLC, Richard Falcha, and Jeffrey Bishop*, Case No. 50-2021-CA-000631 XXXX MB (the "State Court Lawsuit"); and

**WHEREAS**, on March 2, 2021, Office Depot filed an adversary complaint against Miller in the bankruptcy proceeding filed by Miller presently pending in the United States Bankruptcy Court, Southern District of Florida, styled *In re Stuart Roy Miller*, Case No. 20-22497-EPK, with the adversary proceeding styled *Office Depot, LLC v. Stuart Roy Miller*, Adv. Proc. No. 21-01074-EPK (the "Adversary Proceeding"); and

**WHEREAS**, in the State Court Lawsuit and the Adversary Proceeding, Office Depot alleged it was entitled to a return of funds in the amount of $10,505,000.00 plus a penalty equal to 10% of the total price of the cancelled products, in the amount of $2,397,600.00; and

**WHEREAS**, there is a bona fide dispute between the Parties as to the Parties' respective claims against each other; and

**WHEREAS**, in the State Court Lawsuit and the Adversary Proceeding, Office Depot alleged that Falcha, Bishop, and/or Miller were individually liable for the damages claimed; and

**WHEREAS**, JRS, Falcha, Bishop, and Miller represent and warrant that, after Office Depot provided the $10,500,000.00 deposit pursuant to the TVA and subsequent addenda, $10,350,000.00 of that deposit was provided to suppliers in Asia pursuant to those same documents, in an effort to purchase product to be supplied to Office Depot, with the remaining $150,000.00 retained for shipping expenses; and

**WHEREAS**, JRS, Falcha, Bishop, and Miller represent and warrant that JRS is now in a position to sell product that was secured with Office Depot funds; and

**WHEREAS**, the Parties have agreed to settle the State Court Lawsuit, the Adversary Proceeding, and any other claims, whether known or unknown, arising out of, relating to, or in any way connected with the subject matter of the TVA and subsequent addenda or otherwise, that have been made or ever could have been made occurring at any time prior to and including the Effective Date of this Agreement;

**NOW THEREFORE**, in consideration of the promises herein stated and other valuable consideration by each, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.     <u>Recitals</u>.  The foregoing recitals are regarded by the Parties as true and correct, are expressly incorporated by reference into this Agreement, and shall be considered a material term and condition of this Agreement.

2.     <u>Effective Date</u>.  This Agreement shall become effective upon the date that the last Party has executed this Agreement, and that date shall be the "Effective Date" as referred to herein.

3.      Settlement of All Claims.   This Agreement settles and resolves all disputes, disagreements, claims, and conflicts between the Parties including, but not limited to, all claims that were or could have been asserted or brought by the Parties arising out of or relating to the TVA, the Glove Addendum, and any subsequent addenda, as well as all claims that were or could have been asserted or brought by the Parties relating to any conduct or event occurring at any time prior to and including the Effective Date of this Agreement, including but not limited to all claims that were or could have been asserted in the State Court Lawsuit or the Adversary Proceeding.

4.      Payment and Performance.

(a)    In consideration for the release and dismissal of the State Court Lawsuit and the Adversary Proceeding, with prejudice, JRS shall pay Office Depot a total of EIGHT MILLION DOLLARS AND NO CENTS ($8,000,000.00) (the "Settlement Amount") as follows:

i.      JRS shall pay Office Depot ONE HUNDRED FIFTY THOUSAND DOLLARS AND NO CENTS ($150,000.00) no later than five (5) business days after the Effective Date of this Agreement.

ii.     JRS shall pay Office Depot SEVEN MILLION EIGHT HUNDRED FIFTY THOUSAND DOLLARS AND NO CENTS ($7,850,000.00) on or before June 21, 2021.

(b)    The payments of the Settlement Amount set forth in section 4(a) above shall be paid by wire transfer into the account designated by Office Depot.  Office Depot shall provide JRS with wire instructions upon execution of the Settlement Agreement by all Parties.

(c)     No later than five business days after the Effective Date of this Agreement, Office Depot shall file a motion with the Bankruptcy Court seeking dismissal of the Adversary Proceeding, with prejudice, in the form of the joint motion attached hereto as **Exhibit 1**, and submit to the Bankruptcy Court an order of dismissal in the form of the order attached hereto as **Exhibit 2**.  The dismissal of the Adversary Proceeding is contingent upon approval of this Agreement by the Bankruptcy Court as it pertains to Miller, with the Bankruptcy Court retaining jurisdiction to enter a non-dischargeable final judgment against Miller in the event of JRS's default, as set forth in section 5 below.

(d)     No later than five business days after payment in full of the Settlement Amount by JRS and receipt of same by Office Depot, Office Depot shall file a stipulation of dismissal of the State Court Lawsuit, with prejudice, in the form of the stipulation attached hereto as **Exhibit 3**, and submit to the State Court an order of dismissal in the form of the order attached hereto as **Exhibit 4**.

5.     <u>Default by JRS</u>.  If JRS fails to make any payment under this Agreement as set forth in section 4(a) above, Office Depot shall provide notice to JRS of its default(s).  If JRS fails to cure any default within five business days of such notice, Office Depot shall be entitled to:

(a)     The entry of a consent final judgment in the State Court Lawsuit against JRS, Falcha, and Bishop, jointly and severally, in the amount of TEN MILLION FIVE HUNDRED THOUSAND DOLLARS AND NO CENTS ($10,500,000.00), less any amounts previously paid by JRS toward the

5

DocuSign Envelope ID: 56B4AB27-327F-41AE-8087-BEA4457D13EA

Settlement Amount ("Consent Final Judgment"). The motion for entry of a Consent Final Judgment in the State Court Lawsuit shall be in the form of the motion attached hereto as **Exhibit 5**, and the Consent Final Judgment shall be in the form of the order attached hereto as **Exhibit 6**.

(b)    The entry of a non-dischargeable final judgment in the Adversary Proceeding against Miller adjudicating Miller jointly and severally liable for the amount of the Consent Final Judgment in the State Court Lawsuit along with JRS, Falcha, and Bishop. The motion to enforce this Agreement and for entry of the non-dischargeable final judgment in the Adversary Proceeding shall be in the form of the motion attached hereto as **Exhibit 7**, and the final judgment shall be in the form of the order attached hereto as **Exhibit 8**.

6.    <u>Mutual Release of Claims</u>.

(a)    Upon JRS's performance of its obligations set forth in section 4 of this Agreement, Office Depot and its representatives, predecessors, successors, beneficiaries, agents and assigns, hereby release, acquit, waive, satisfy and forever discharge JRS, Falcha, Bishop, and Miller and their administrators, directors, officers, shareholders, agents, present and former employees, representatives, servants, insurers, attorneys, affiliates, predecessors, successors and assigns, of and from any and all claims, demands, obligations, damages, actions, causes of actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages,

DocuSign Envelope ID: 56B4AB17-327F-41AE-8087-BEA457D13EA

judgments, executions and demands, direct or indirect, in law or in equity, which Office Depot and its representatives, predecessors, successors, beneficiaries, agents and assigns, ever had, now have, or hereafter can, shall or may have, against JRS, Falcha, Bishop, and Miller and their administrators, directors, officers, shareholders, agents, present and former employees, representatives, servants, insurers, attorneys, affiliates, predecessors, successors and assigns, for any cause whatsoever, from the beginning of the world through the Effective Date of this Agreement, including but not limited to all claims arising out of, relating to, or in any way connected with the subject matter of the TVA, the Glove Addendum, and any subsequent addenda and all claims alleged or that could have been alleged in the State Court Lawsuit or the Adversary Proceeding.

(b)     Upon Office Depot's performance of its obligations set forth in section 4 of this Agreement, JRS, Falcha, Bishop, and Miller and their representatives, predecessors, successors, beneficiaries, agents and assigns, hereby release, acquit, waive, satisfy and forever discharge Office Depot and its administrators, directors, officers, shareholders, agents, present and former employees, representatives, servants, insurers, attorneys, affiliates, predecessors, successors and assigns, of and from any and all claims, demands, obligations, damages, actions, causes of actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands, direct or indirect,

7

in law or in equity, which JRS, Falcha, Bishop, and Miller and their representatives, predecessors, successors, beneficiaries, agents and assigns, ever had, now have, or hereafter can, shall or may have, against Office Depot and its administrators, directors, officers, shareholders, agents, present and former employees, representatives, servants, insurers, attorneys, affiliates, predecessors, successors and assigns, for any cause whatsoever, from the beginning of the world through the Effective Date of this Agreement, including but not limited to all claims arising out of, relating to, or in any way connected with the subject matter of the TVA, the Glove Addendum, and any subsequent addenda and all claims alleged or that could have been alleged in the State Court Lawsuit or the Adversary Proceeding.

7. <u>Fees and Costs</u>. Each Party shall bear its own costs and attorneys' fees in connection with the State Court Lawsuit and Adversary Proceeding. Notwithstanding the foregoing, if any Party files a motion or action to enforce the terms of this Agreement, including but not limited to the motions set forth in section 5 above or an action in aid of execution of any judgment entered, the prevailing Party shall be entitled to an award of its attorneys' fees, expenses, and costs incurred in enforcing this Agreement.

8. <u>Notice</u>. Any notice required by this Agreement shall be sent via FedEx next day delivery and email on the individuals set forth below. Notice shall be effective as of the later of 1) the date and time located on the email sent to the above email addresses or 2) the date and time provided in the FedEx delivery confirmation.

    (a)   <u>If to Office Depot</u>:

        Kimberly J. Freedman
        Nelson Mullins Broad and Cassel

One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305.373.9400
kimberly.freedman@nelsonmullins.com

      and

Fred M. Wood, Jr.
Nelson Mullins Riley & Scarborough
One Wells Fargo Center
301 South College Street, 23rd Floor
Charlotte, NC 28202
Telephone: 704.417.3059
fred.wood@nelsonmullins.com


(b)    <u>If to JRS, Falcha, Bishop, and/or Miller</u>:

Anthony R. McClure
Porter, Wright, Morris & Arthur, LLP
9132 Strada Place, Third Floor
Naples, Florida 34108
Telephone: 239.593.2900
amcclure@porterwright.com

      and

Theodore R. Walters
Porter, Wright, Morris & Arthur, LLP
9132 Strada Place, Third Floor
Naples, Florida 34108
Telephone: 239.593.2900
twalters@porterwright.com

      and

Sara K. White
Porter, Wright, Morris & Arthur, LLP
9132 Strada Place, Third Floor
Naples, Florida 34108
Telephone: 239.593.2900
swhite@porterwright.com

9.    <u>Confidentiality</u>.  The Parties agree that the terms and provisions of this Agreement, including the amount of the consideration and discussions surrounding the making of the Agreement, are and shall remain confidential, and they agree not to disclose them to any other person, or in any manner notify, provide, publish, publicize, disclose, disseminate, or in any way make known to a third person, organization, or entity, except:

(a)    To a Party's spouse;

(b)    To a Party's attorney;

(c)    As required by sections 4(c) and 5(b) above for purposes of seeking dismissal of the Adversary Proceeding, and, in the event of JRS's default, seeking the entry of the non-dischargeable judgment against Miller, in which case the Agreement shall be made available to the Bankruptcy Court for review and approval, to the Bankruptcy Trustee, and to other creditors and interested parties in Bankruptcy Case No. 20-22497 to the extent required by law or otherwise ordered by the Bankruptcy Court.  The Parties expressly acknowledge that this Agreement shall be filed on the docket in the Adversary Proceeding and in Bankruptcy Case No. 20-22497, for purposes of obtaining necessary Court approval of the Agreement and to effectuate the dismissal of the Adversary Proceeding against Miller.  The Parties expressly agree that filing the Agreement on the bankruptcy docket for these purposes does not violate this confidentiality provision.  Further, the Parties expressly agree that the draft motions, order, and judgment at Exhibits 1, 2, 7, and 8 of this Agreement do not violate this confidentiality provision and that such draft motions, order, and judgment may be filed on

10

DocuSign Envelope ID: 56B4AB17-327F-41A5-9083-DEA6A57D125A

the docket in the Adversary Proceeding and Bankruptcy Case No. 20-22497 as necessary to effectuate the provisions of this Agreement;

(d)    In connection with a motion or action to enforce this Agreement, including but not limited to the filings addressed in section 5 above;

(e)    As may be required in connection with preparing and filing tax returns, financial statements or disclosures, any company audit, or for other regulatory purposes;

(f)    As may be required by the order of a court of competent jurisdiction or law enforcement; and

(g)    As otherwise required by law, such as, but not limited to, a subpoena, or any disclosure requirement in any way related to the public or private companies.

10.    <u>Non-Disparagement</u>.  The Parties agree, as a material term of this Agreement, to immediately cease any conduct, and to refrain from any conduct in the future which impugns the quality, reputation, integrity, or character of any other Party to this Agreement or any other Party's products, services, or employees.  Notwithstanding the foregoing, the Parties shall be permitted to respond truthfully to inquiries made of the Parties so stating that "the matter was settled." The Parties shall also be permitted to respond truthfully to inquiries made of the Parties, if the Parties are served with a subpoena or other legal process in the context of a legal action or if the Parties are required to testify in a government administrative action or make any disclosure required by law in connection with any requirement for public or private companies; responding truthfully in such scenarios will not be considered a breach of this Agreement.  If a Party believes that another Party has not responded truthfully, then the accusatory Party bears the burden of

proving that the accused Party did not respond truthfully. The Parties further agree that any violation of this non-disparagement provision may be redressed by means of injunctive relief and specific performance, in addition to any other remedies provided by law for breach of the Agreement or otherwise.

11.     <u>No Admissions</u>. The Parties understand and agree that this Agreement is a compromise of disputed claims, and that the execution of this Agreement is not to be construed as an admission of liability by any Party. All Parties expressly deny any such liability.

12.     <u>Execution</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original. All counterparts shall together constitute one and the same document. For purposes of execution, a document signed and transmitted by email or facsimile shall be treated as an original.

13.     <u>Cooperation</u>. The Parties agree they will sign and deliver any documents or do anything else necessary in the future to make the provisions and intent of this Agreement effective without receiving further consideration.

14.     <u>Waiver</u>. The failure of any Party at any time to require full compliance with the strict terms of this Agreement shall not constitute a waiver of any Party's right to fully enforce any term or provision within this Agreement or to pursue any remedy allowable by law for any breach of this Agreement. This Agreement and any provision within this Agreement may only be waived by a writing signed by the waiving Party.

15.     <u>Advice of Counsel/Acknowledgement</u>. The Parties warrant and represent that this Agreement was signed only after due consideration by each Party and in consultation with, or the opportunity to consult with, their respective counsel, and that no Party was fraudulently induced, coerced, or intimidated to sign this Agreement. The Parties further warrant and represent that they

have each carefully read and understand the terms and effect of this Agreement and all documents executed, to be executed, and to be filed with or entered by the State Court and Bankruptcy Court in connection herewith.

16.    <u>Authority</u>.  Each of the Parties to this Agreement represents, warrants, and affirms that the signatory on behalf of each Party is fully authorized to sign for and bind that Party and its or their beneficiaries, if any, and the signatory for each Party hereby represents, warrants, and affirms that they have executed and delivered this Agreement with full capacity and intent to bind that Party hereby.

17.    <u>Survival and Benefits</u>.  This Agreement shall be binding upon and shall inure to the benefit of the Parties' officers, directors, shareholders, employees, agents, representatives, attorneys, parents, subsidiaries, affiliates, general or limited partners or members heirs, executors, administrators, predecessors, successors, and assigns.

18.    <u>Entire Agreement</u>. This Agreement is an integrated agreement and represents the entire and final understanding of the Parties relative to the subject matter described herein and supersedes all prior or contemporaneous negotiations, correspondence, conversation, agreements, or understandings applicable to the matters contained herein.  The Parties agree that there are no commitments, agreements, representations, or understandings concerning the subject matter of the Agreement that are not contained in this Agreement.  No other communications (written or oral) or documents, including correspondence between counsel, shall be construed as a part of or interpretation of this Agreement.

19.    <u>No Oral Modification</u>.  This Agreement may not be altered, amended, modified, or rescinded in any way except by written instrument duly executed by the Parties.

20.    <u>Headings</u>.  The headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

21.    <u>No Presumption of Authorship</u>.  The Parties acknowledge, represent, and agree that each Party has been afforded a full opportunity to and has negotiated the terms of this Agreement.  No Party, or counsel to any Party, shall be deemed the drafter of this Agreement.

22.    <u>Severability</u>.  The Parties understand and agree that if any term, condition, or other provision contained in this Agreement is determined by a court of competent jurisdiction to be invalid or unenforceable in any manner, all other terms, conditions, and provisions within the Agreement shall be unaffected by such invalidity or unenforceability and shall remain in full force and effect.

23.    <u>Governing Law</u>.  The substantive law of Florida governs every aspect of this Agreement.  The Federal and State courts located in Palm Beach County, Florida, including to the extent applicable and provided by law the Federal Bankruptcy Court located in Palm Beach County, shall have exclusive jurisdiction over any disputes arising out of or relating to any aspect of this Agreement, including the enforcement, performance, or interpretation of same.


[SIGNATURE BLOCKS ON THE FOLLOWING PAGE]

**IN WITNESS THEREOF**, the Parties have caused this Confidential Settlement and Release Agreement to be executed by each of them or by their duly authorized representatives on the dates hereinafter subscribed:

**OFFICE DEPOT, LLC, as successor-in-interest to OFFICE DEPOT, INC.:**

By: _Eric Meehan_____
Name: ___Eric Meehan_____
Title: ____Vice President_____

Dated: May _5/19/2021_, 2021

**JRS HEALTH SERVICES, LLC:**

By: _____
Name: _____
Title: _____

Dated: May ___, 2021

**RICHARD FALCHA:**

_____

Dated: May ___, 2021

**JEFFREY BISHOP:**

_____

Dated: May ___, 2021

**STUART MILLER:**

_____

Dated: May ___, 2021

**IN WITNESS THEREOF**, the Parties have caused this Confidential Settlement and Release Agreement to be executed by each of them or by their duly authorized representatives on the dates hereinafter subscribed:

**OFFICE DEPOT, LLC, as successor-in-interest to OFFICE DEPOT, INC.:**

By: _____
Name: _____
Title: _____

Dated: May ___, 2021

**JRS HEALTH SERVICES, LLC:**

By: _____
Name: _Richard Falcha_
Title: _Managing Partner_

Dated: May _18_, 2021

**RICHARD FALCHA:**

_____

Dated: May _18_, 2021

**JEFFREY BISHOP:**

_____

Dated: May _18_, 2021

**STUART MILLER:**

_____

Dated: May ___, 2021

15

**IN WITNESS THEREOF**, the Parties have caused this Confidential Settlement and Release Agreement to be executed by each of them or by their duly authorized representatives on the dates hereinafter subscribed:

**OFFICE DEPOT, LLC, as successor-in-interest to OFFICE DEPOT, INC.:**

By: _____
Name: _____
Title: _____

Dated: May ___, 2021

**JRS HEALTH SERVICES, LLC:**

By: _____
Name: _____
Title: _____

Dated: May ___, 2021

**RICHARD FALCHA:**

_____

Dated: May _18_, 2021

**JEFFREY BISHOP:**

_____

Dated: May __18__ 2021

**STUART MILLER:**

_____

Dated: May ___, 2021

**IN WITNESS THEREOF**, the Parties have caused this Confidential Settlement and Release Agreement to be executed by each of them or by their duly authorized representatives on the dates hereinafter subscribed:

**OFFICE DEPOT, LLC, as successor-in-interest to OFFICE DEPOT, INC.:**

By: _____
Name: _____
Title: _____

Dated: May ___, 2021

**JRS HEALTH SERVICES, LLC:**

By: _____
Name: _____
Title: _____

Dated: May ___, 2021

**RICHARD FALCHA:**

_____

Dated: May ___, 2021

**JEFFREY BISHOP:**

_____

Dated: May ___, 2021

**STUART MILLER:**

_____

Dated: May ___ 2021

June 2, 2021

15

DocuSign Envelope ID: 56B4AB17-327F-41A5-9087-DEA6457D125A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

In re:

STUART ROY MILLER,                          Case No.: 20-22497-EPK

      Debtor.                              Chapter 11

_____/

## MOTION TO APPROVE SETTLEMENT AGREEMENT
## BETWEEN OFFICE DEPOT, LLC AND STUART ROY MILLER

Office Depot, LLC, as successor in interest to Office Depot, Inc. ("Office Depot"), pursuant to 11 U.S.C. § 105(a) and Fed. R. Civ. P. 41(a)(2), respectfully requests that the Court approve a proposed settlement agreement between with JRS Health Services, LLC ("JRS"), Richard Falcha ("Falcha"), Jeffrey Bishop ("Bishop") and Stuart Roy Miller ("Miller" or the "Debtor"), with respect to Office Depot and the Debtor.  In support of these requests Office Debtor states:

### BACKGROUND

1.     The Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code on November 13, 2020.  ECF No. 1.

2.     The case was converted to chapter 7 on March 8, 2021, and Michael Bakst has been appointed as the chapter 7 trustee.  ECF Nos. 87 and 88.

**A.     Office Depot's Claims.**

3.     Office Depot is a nationwide retail office supplier and creditor, and is also a creditor of the Debtor.

4.     Specifically, Office Depot and JRS were parties to a May 2020 trade vendor purchase agreement (as amended, the "TVA"), pursuant to which Office Depot was to purchase gloves and other supplies from JRS.  In July and August 2020, Office Depot submitted purchase

**Exhibit 1**

orders to JRS under the TVA, and paid JRS a total of $11,875,000.00 towards its purchase orders.

5.      The products purchased by Office Depot have not been delivered, and a dispute arose between the parties regarding their performances under the TVA.

6.      On October 28, 2020 JRS returned $1,370,000.00 to Office Depot.  However, on January 15, 2021 Office Depot sued JRS and two of its members, Falcha and Bishop, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2021-CA-000631 XXXX MB (the "State Court Lawsuit").  On March 2, 2021 Office Depot filed an adversary complaint against the Debtor, who also was a member of JRS, in this bankruptcy case, Adv. Proc. No. 21-01074-EPK (the "Adversary Proceeding").  Through the Adversary Proceeding, Office Depot seeks to liquidate its claims against the Debtor and deem them non-dischargeable under 11 U.S.C. § 523.

**B.      The Proposed Settlement.**

7.      A bona fide dispute exists between the parties regarding the TVA and amounts owed thereunder.

8.      The parties wish to settle the State Court Lawsuit, Adversary Proceeding, and any other claims related to the subject matter of the TVA and amounts owing thereunder.  Following settlement discussions the parties have prepared a proposed settlement agreement (the "Agreement").  A copy of the Agreement is attached as **EXHIBIT "A"**.

9.      The material terms of the Agreement, as it pertains to Debtor, are as follows:[1]

- JRS shall pay Office Depot a sum certain (the "Settlement Amount") through two installments.

- Office Depot shall file a motion with this Court seeking to dismiss the Adversary Proceeding with prejudice; provided, however, that the dismissal

---

[1]      Settlement terms are summarized herein for convenience purposes only.  Interested parties are encouraged to read and review the Settlement in its entirety.  To any extent the terms of the Settlement conflict with this motion, the Settlement shall control.

**Exhibit 1**

is contingent upon approval of the Agreement by this Court as it pertains to the Debtor, and the Court retaining jurisdiction to enter a non-dischargeable final judgment in the event of a default by JRS.

- Upon payment of the Settlement Amount in full by JRS, Office Depot shall file a stipulation of dismissal with prejudice in the State Court Lawsuit.

- In the event JRS fails to make any payment under the Agreement, and fails to cure after notice, Office Depot shall be entitled to: (a) entry of a consent final judgment in the State Court Lawsuit against JRS, Falcha and Bishop, jointly and severally, in the amount of $10,500,000.00 less any amounts paid on the Settlement Amount, and (b) entry of a non-dischargeable judgment against the Debtor in the Adversary Proceeding, which holds him jointly and severally liable, with JRS, Falcha and Bishop, for the amount of the consent judgment in the State Court Lawsuit.

- Upon full performance by JRS and payment of the Settlement Amount in full, the parties shall exchange general releases.

- Subject to various exceptions, including being filed in this bankruptcy case for Court approval, the Agreement is confidential.

10.    Office Depot requests that the Court approve the Settlement with respect to Office Depot and the Debtor for purposes of resolving this Adversary Proceeding.

## **ARGUMENT**

By its terms, Fed. R. Bankr. P. 9019, which governs proposed settlements, is limited to motions filed by estate representatives such as trustees or debtors in possession. *See* Fed. R. Bankr. P. 9019(a).  The Debtor is no longer the representative of his bankruptcy estate.  As such, Fed. R. Bankr. P. 9019 does not apply to the Agreement.  *See In re McKay*, 443 B.R. 511, 522–23 (Bankr. D. Ark. 2010) (settlement between creditor and chapter 7 debtor was not governed by Rule 9019 and did not require court approval) (citing cases).

Rather, Office Depot seeks approval of the settlement and the ultimate dismissal of the Adversary Proceeding through Fed. R. Civ. P. 41(a)(2).  Rule 41(a)(2), which applies in adversary proceedings and contested matters through Fed. R. Bankr. P. 7041 and 9014, states in relevant part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the

**Exhibit 1**

court considers proper." Fed. R. Civ. P. 41(a)(2). Given the phrase "on terms that the court considers proper," a court analyzing Rule 41(a)(2) dismissal request "must exercise its broad equitable discretion . . . to weigh the relevant equities and do justice between the parties . . . attaching such conditions to the dismissal as are adeemed appropriate." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986) (citations omitted). Dismissal on a Rule 41(a)(2) motion "is within the sound discretion of the district court, and its order may be reviewed only for an abuse of discretion." *Id.*

Moreover, the Supreme Court has determined that district courts may retain ancillary jurisdiction to enforce settlement agreements if provided in a Rule 41(a)(2) dismissal order:

> If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree.

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381, 114 S.Ct. 1673 (1994) (emphasis removed).

The Court should exercise its discretion to approve the Agreement with respect to the Debtor and Office Depot, which will result in the dismissal of the Adversary Proceeding, while retaining jurisdiction to enter a default judgment against the Debtor. The Agreement is the result of extensive, good faith negotiations between the parties. Its approval will resolve two cases, the State Court Lawsuit and Adversary Proceeding, that otherwise will be heavily litigated for a

**Exhibit 1**

substantial period of time.  Approval of the Agreement conserves the resources of the parties, promotes judicial economy and does not prejudice any interested party.

Finally, to the extent Rule 41(a)(2) dismissals are not approved, it is often because the parties have not placed temporal or other limits on jurisdiction in the event of a default.  *See Brass Smith, LLC v. RPI Indus., Inc.*, 827 F.Supp.2d 377, 383 (D. N.J. 2011) ("The difficulty with the parties' proposed language is that there are no temporal or other limits to the Court's jurisdiction over the settlement agreement.").  The issues in *Brass Smith* are not present here, because the parties simply request that the Court retain jurisdiction to enter a default judgment against Debtor in the event JRS defaults in paying the Settlement Amount.  Under the terms of the Settlement Agreement, JRS will either pay the Settlement Amount in full or default within less than two months, i.e. by June 2021.  Thus, there is a built-in temporal limit of this Court's jurisdiction over the Settlement.

Approval of the Settlement is appropriate under Rule 41(a)(2), and the Court should grant the Motion.

[Remainder of Page Intentionally Left Blank]

**Exhibit 1**

**WHEREFORE**, Office Depot respectfully requests that this Court enter an order: (1) approving the Agreement with respect to Office Depot and the Debtor, (2) dismissing the Adversary Proceeding with prejudice, (3) reserving jurisdiction to interpret and enforce the Agreement, and enter a default judgment against the Debtor as provided for therein, and (4) providing for such further relief as the Court deems just and proper.

Dated _____, 2021

<div style="margin-left:40%">

**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorneys for Office Depot
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bss@slp.law
Email: pdorsey@slp.law

By: ___*/s/ Bradley Shraiberg*_____
        Bradley Shraiberg, Esq.
        Fla. Bar. No. 121622
        Patrick Dorsey, Esq.
        Fla. Bar. No. 0085841

</div>

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via CM/ECF Notice of Electronic Filing to all parties registered to receive electronic noticing in this case on _____, 2021.

<div style="margin-left:40%">

By: _*/s/ Bradley Shraiberg*_____
        Bradley Shraiberg, Esq.

</div>

**Exhibit 1**

DocuSign Envelope ID: 56B4AB17-327F-41A5-9083-DEA6457D135A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

In re:

STUART ROY MILLER,                                    Case No.: 20-22497-EPK

      Debtor.                                              Chapter 11

_____/

OFFICE DEPOT, LLC,

        Plaintiff.

v.                                                            Adv. Proc. No. 21-01074-EPK

STUART ROY MILLER,

        Defendant.

_____/

**ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING
<u>ADVERSARY PROCEEDING NO. 21-01074-EPK, WITH PREJUDICE</u>**

THIS CAUSE came before the Court on the Motion to Approve Settlement Agreement Between Office Depot, LLC and Sturt Roy Miller[D.E. # __ ], filed by the Plaintiff, OFFICE DEPOT, LLC. ("Office Depot"). The Court, having considered the Motion, having reviewed the portions of the Confidential Settlement and Release Agreement ("Agreement") that pertain to Defendant, Stuart Roy Miller ("Miller"), and being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUGED as follows:

1.    The Motion to Approve Settlement Agreement Between Office Depot, LLC and Stuart Roy Miller is GRANTED.

2.    The Agreement, as it pertains to the Miller, is approved, and Office Depot and Miller are authorized to take any and all necessary actions to effectuate the terms of the Agreement.

**Exhibit 2**

3.      Adversary Proceeding No. 21-01074-EPK is DISMISSED, with prejudice.

4.      The Court reserves jurisdiction to enforce the terms of the Agreement as it pertains to Miller, including but not limited to the entry of a non-dischargeable final judgment against Miller upon default by JRS Health Services, LLC of its obligations under the Agreement as set forth therein.

DONE AND ORDERED in the Southern District of Florida this _____ day of _____, 2021.

_____
Erik P. Kimball, Bankruptcy Judge

2

**Exhibit 2**

IN THE CIRCUIT COURT OF THE
15th JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 50-2021-CA-000631 XXXX MB

OFFICE DEPOT, LLC, a Delaware
Limited Liability Company, as
successor-in-interest, to OFFICE DEPOT,
INC., a Delaware Corporation

        Plaintiff,

v.

JRS HEALTH SERVICES LLC, a Florida
Limited Liability Company, and RICHARD
FALCHA, an Individual, and JEFFREY
BISHOP, an Individual,

        Defendants.

_____/

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff, OFFICE DEPOT, LLC, as successor-in-interest to OFFICE DEPOT, INC., and

Defendants, JRS HEALTH SERVICES LLC, RICHARD FALCHA, and JEFFREY BISHOP, by

and through undersigned counsel and pursuant to Rule 1.420(a)(1)(B), Fla. R. Civ. P., hereby submit

this Joint Stipulation of Dismissal with Prejudice, and agree as follows:

    1.    The parties have entered into a settlement agreement that fully resolves all claims

raised in this action.

    2.    The parties agree that all claims raised, or that could have been raised, in this matter

shall be dismissed with prejudice, with each party bearing their own attorneys' fees and costs.

[SIGNATURE BLOCKS ON THE FOLLOWING PAGE]

1

**Exhibit 3**

Dated: _____, 2021

Respectfully Submitted,

| | |
|---|---|
| Nelson Mullins Broad and Cassel | Porter, Wright, Morris & Arthur, LLP |

By: _/s/_ _____     By: _/s/_ _____

Kimberly J. Freedman                Theodore R. Walters
Fla. Bar No. 71826                    Fla. Bar No. 0985813
kimberly.freedman@nelsonmullins.com   twalters@porterwright.com
One Biscayne Tower, 21st Floor        Anthony R. McClure
2 South Biscayne Boulevard            Fla. Bar No. 102753
Miami, Florida 33131                  amcclure@porterwright.com
Telephone: 305.373.9400               Sara K. White
Facsimile: 305.373.9443               Fla. Bar No. 086014
                                      swhite@porterwright.com
*Attorneys for Plaintiff, Office Depot, LLC, as*   9132 Strada Place, Third Floor
*successor-in-interest to Office Depot, Inc.*      Naples, Florida 34108
                                      Telephone: 239.593.2900
                                      Facsimile: 239.593.2990

                                      *Attorneys for Defendants, JRS Health*
                                      *Services LLC, Richard Falcha, and Jeffrey*
                                      *Bishop*

**Exhibit 3**

IN THE CIRCUIT COURT OF THE
15th JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 50-2021-CA-000631 XXXX MB

OFFICE DEPOT, LLC, a Delaware
Limited Liability Company, as
successor-in-interest, to OFFICE DEPOT,
INC., a Delaware Corporation

       Plaintiff,

v.

JRS HEALTH SERVICES LLC, a Florida
Limited Liability Company, and RICHARD
FALCHA, an Individual, and JEFFREY
BISHOP, an Individual,

       Defendants.

_____/

## ORDER OF DISMISSAL WITH PREJUDICE

THIS CAUSE, having come before the Court on the Parties' Joint Stipulation of Dismissal

with Prejudice, and the Court having been advised of an agreement between the parties, and being

otherwise fully advised in the premises, it is hereby:

ORDERED and ADJUDGED as follows:

1.     All claims or causes of action raised, or that could have been raised, in this matter

are hereby dismissed with prejudice.

2.     All pending motions are denied as moot.

3.     The parties shall bear their own attorneys' fees and costs.

1

**Exhibit 4**

4.      The Court retains jurisdiction to enforce the terms of the Agreement.

DONE AND ORDERED in West Palm Beach, Palm Beach County, Florida this _____ day of _____, 2020.

_____
John S. Kastrenakes, Circuit Judge

Copies furnished to:
Kimberly J. Freedman: kimberly.freedman@nelsonmullins.com
Theodore R. Walters: twalters@porterwright.com
Anthony R. McClure: amcclure@porterwright.com
Sara K. White: swhite@porterwright.com

**Exhibit 4**

IN THE CIRCUIT COURT OF THE
15th JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 50-2021-CA-000631 XXXX MB

OFFICE DEPOT, LLC, a Delaware
Limited Liability Company, as
successor-in-interest, to OFFICE DEPOT,
INC., a Delaware Corporation

       Plaintiff,

v.

JRS HEALTH SERVICES LLC, a Florida
Limited Liability Company, and RICHARD
FALCHA, an Individual, and JEFFREY
BISHOP, an Individual,

       Defendants.

_____/

## JOINT MOTION FOR ENTRY OF CONSENT FINAL JUDGMENT

Plaintiff, OFFICE DEPOT, LLC, as successor-in-interest to OFFICE DEPOT, INC. ("Office Depot"), and Defendants, JRS HEALTH SERVICES LLC ("JRS"), RICHARD FALCHA ("Falcha"), and JEFFREY BISHOP ("Bishop" and, collectively "Defendants"), by and through undersigned counsel and pursuant to Rule 1.420(a)(1)(B), Fla. R. Civ. P., hereby move for the entry of a consent final judgment against the Defendants, and state as follows:

1.     Office Depot initiated this action against Defendants on January 15, 2021.

2.     The parties subsequently resolved this dispute by entering into a Confidential Settlement and Release Agreement ("Agreement"), the effective date of which is May ____, 2021.

3.     Pursuant to the Agreement, the parties agreed to the entry of a consent final judgment in this matter against JRS, Falcha, and Bishop, jointly and severally, in the amount of

1

**Exhibit 5**

TEN MILLION FIVE HUNDRED THOUSAND DOLLARS AND NO CENTS ($10,500,000.00), less any amounts previously paid by JRS toward the total settlement amount, should JRS default on its payment obligations under the Agreement.

4.      JRS defaulted on its payment obligations under section 4(a) of the Agreement.

5.      Office Depot provided notice to JRS of its default(s) pursuant to the notice provision of the Agreement.

6.      JRS failed to cure its default(s) within five business days of such notice.

7.      Prior to its default(s), JRS paid Office Depot the total amount of $_____.

8.      Accordingly, the parties agree that Office Depot is entitled to the entry of a consent final judgment against JRS, Falcha, and Bishop, jointly and severally, in the amount of **[$10,500,000.00 less the amount identified in paragraph 7]**, and they respectfully request that this Court enter a consent final judgment in the form attached hereto as **Exhibit A**.

WHEREFORE, Plaintiff, Office Depot, and Defendants, JRS, Falcha, and Bishop, respectfully request that this Court grant this motion and enter the consent final judgment attached hereto, as well as any and all further relief the Court deems just and proper.

[SIGNATURE BLOCKS ON THE FOLLOWING PAGE]

**Exhibit 5**

Dated: _____, 2021

Respectfully Submitted,

Nelson Mullins Broad and Cassel

By: */s/* _____

Kimberly J. Freedman
Fla. Bar No. 71826
kimberly.freedman@nelsonmullins.com
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305.373.9400
Facsimile: 305.373.9443

*Attorneys for Plaintiff, Office Depot, LLC, as successor-in-interest to Office Depot, Inc.*

Porter, Wright, Morris & Arthur, LLP

By: */s/* _____

Theodore R. Walters
Fla. Bar No. 0985813
twalters@porterwright.com
Anthony R. McClure
Fla. Bar No. 102753
amcclure@porterwright.com
Sara K. White
Fla. Bar No. 086014
swhite@porterwright.com
9132 Strada Place, Third Floor
Naples, Florida 34108
Telephone: 239.593.2900
Facsimile: 239.593.2990

*Attorneys for Defendants, JRS Health Services LLC, Richard Falcha, and Jeffrey Bishop*

**Exhibit 5**

IN THE CIRCUIT COURT OF THE
15th JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 50-2021-CA-000631 XXXX MB

OFFICE DEPOT, LLC, a Delaware
Limited Liability Company, as
successor-in-interest, to OFFICE DEPOT,
INC., a Delaware Corporation

       Plaintiff,

v.

JRS HEALTH SERVICES LLC, a Florida
Limited Liability Company, and RICHARD
FALCHA, an Individual, and JEFFREY
BISHOP, an Individual,

       Defendants.

_____/

## CONSENT FINAL JUDGMENT

THIS CAUSE, having come before the Court on the Parties' Joint Motion for Entry of

Consent Final Judgment ("Joint Motion"), and the Court, having reviewed the Joint Motion,

having been advised by the parties that Plaintiff, OFFICE DEPOT, LLC, as successor-in-interest

to OFFICE DEPOT, INC. ("Office Depot"), and Defendants, JRS HEALTH SERVICES LLC

("JRS"), RICHARD FALCHA ("Falcha"), and JEFFREY BISHOP ("Bishop"), have agreed and

consented to the entry of this consent final judgment, and being otherwise fully advised in the

premises, it is hereby:

ORDERED and ADJUDGED as follows:

1.      The Joint Motion is GRANTED.

2.      Final judgment is entered in favor Office Depot, whose principal address is 6600

North Military Trail, Boca Raton, Florida, 33496.

1

**Exhibit 6**

3.      Office Depot shall recover from Defendants JRS, whose principal address is 1761 Annandale Circle, Royal Palm Beach, Florida 33411; Falcha, whose address is 1761 Annandale Circle, Royal Palm Beach, Florida 33411; and Bishop, whose address is 3172 SE Fairway Drive West, Stuart, Florida 34997, jointly and severally, the total amount of **[$10,500,000.00 less the amount identified in paragraph 7 of the Joint Motion]**, which amount shall bear interest from year to year at the annual rate provided by law, for all of which let execution issue.

4.      Each of the Defendants shall complete under oath a Fact Information Sheet (Florida Rule of Civil Procedure Form 1.977), including all required attachments, and serve it on counsel for Office Depot within forty-five (45) days of the date of this consent final judgment unless the judgment is satisfied or post-judgment discovery is stayed.

5.      The Court retains jurisdiction to consider a motion for attorneys' fees and costs, to enforce the judgment debtors' compliance with this consent final judgment, to enter all post-judgment orders as may be necessary and proper related to the collection on this judgment, and to enter further orders as the Court deems just and proper.

DONE AND ORDERED in West Palm Beach, Palm Beach County, Florida this _____ day of _____, 2020.

_____
John S. Kastrenakes, Circuit Judge

Copies furnished to:
Kimberly J. Freedman: kimberly.freedman@nelsonmullins.com
Theodore R. Walters: twalters@porterwright.com
Anthony R. McClure: amcclure@porterwright.com
Sara K. White: swhite@porterwright.com

**Exhibit 6**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

In re:

STUART ROY MILLER,                          Case No.: 20-22497-EPK

      Debtor.                             Chapter 11

_____/

OFFICE DEPOT, LLC,

         Plaintiff.

v.                                           Adv. Proc. No. 21-01074-EPK

STUART ROY MILLER,

         Defendant.

_____/

**JOINT MOTION TO ENFORCE CONFIDENTIAL SETTLEMENT AND RELEASE
AGREEMENT AND FOR ENTRY OF FINAL JUDGMENT AGAINST MILLER**

Plaintiff, OFFICE DEPOT, LLC, as successor-in-interest to OFFICE DEPOT, INC.
("Office Depot"), and Debtor/Defendant, STUART ROY MILLER ("Miller"), by and through
undersigned counsel, hereby move to enforces the parties' Confidential Settlement and Release
Agreement and for the entry of a non-dischargeable final judgment against Miller, and state as
follows:

    1.     Office Depot initiated this Adversary Proceeding against Miller on March 2, 2021.

    2.     Office Depot and Miller subsequently resolved this dispute by entering into a
Confidential Settlement and Release Agreement ("Agreement"), the effective date of which is May
____, 2021.

    3.     JRS Health Services LLC ("JRS"), Richard Falcha ("Falcha"), and Jeffrey Bishop
("Bishop"), the defendants in a related state court matter, styled *Office Depot, LLC, as successor-*

1

**Exhibit 7**

DocuSign Envelope ID: 56B4AB17-327F-41A5-9087-DEA6457D135A

*in-interest to Office Depot, Inc. v. JRS Health Services, LLC, Richard Falcha, and Jeffrey Bishop*, Case No. 50-2021-CA-000631 XXXX MB (the "State Court Lawsuit"), are also parties to the Agreement.

4.    Pursuant to the Agreement, Office Depot on the one hand, and JRS, Falcha, Bishop, and Miller on the other, agreed to the entry of a consent final judgment in the State Court Lawsuit against JRS, Falcha, and Bishop, jointly and severally, in the amount of TEN MILLION FIVE HUNDRED THOUSAND DOLLARS AND NO CENTS ($10,500,000.00), less any amounts previously paid by JRS toward the total settlement amount, should JRS default on its payment obligations under the Agreement.

5.    Pursuant to the Agreement, Office Depot on the one hand, and JRS, Falcha, Bishop, and Miller on the other, further agreed to the entry of a non-dischargeable final judgment against Miller in this Adversary Proceeding, adjudicating Miller jointly and severally liable for the total amount of the consent final judgment in the State Court Lawsuit along with JRS, Falcha, and Bishop.

6.    On _____, 2021, this Court approved the Agreement and dismissed this Adversary Proceeding with prejudice.  The Court retained jurisdiction to enforce the terms of the Agreement as it pertains to Miller, including but not limited to the entry of a non-dischargeable final judgment against Miller upon default by JRS of its obligations under the Agreement as set forth therein.

7.    JRS defaulted on its payment obligations under section 4(a) of the Agreement.

8.    Office Depot provided notice to JRS of its default(s) pursuant to the notice provision of the Agreement.

9.    JRS failed to cure its default(s) within five business days of such notice.

**Exhibit 7**

10.     Prior to its default(s), JRS paid Office Depot the total amount of $_____ toward the total settlement amount.

11.     On _____, 2021, upon joint motion of Office Depot and JRS, Falcha, and Bishop, the Judge in the State Court Lawsuit entered a consent final judgment against JRS, Falcha, and Bishop, jointly and severally, in the amount $_____.

12.     Pursuant to the Agreement, the Office Depot and Miller agree that Office Depot is now also entitled to the entry of a non-dischargeable final judgment against Miller in this Adversary Proceeding, adjudicating Miller jointly and severally liable for the amount of the consent final judgment in the State Court Lawsuit along with JRS, Falcha, and Bishop.

13.     Accordingly, Office Depot and Miller respectfully request that this Court enforce the Agreement and enter a non-dischargeable final judgment against Miller in the form attached hereto as **Exhibit A**.

WHEREFORE, Plaintiff, Office Depot, and Debtor/Defendant Stuart Roy Miller respectfully request that this Court grant this motion and enter the final judgment attached hereto, as well as any and all further relief the Court deems just and proper.

[SIGNATURE BLOCKS ON THE FOLLOWING PAGE]

**Exhibit 7**

Dated: _____, 2021

Respectfully Submitted,

Shraiberg, Landau & Page, P.A.

By: */s/*_____

Bradley S. Shraiberg
Fla. Bar No. 121622
bss@slp.law.com
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561.443.0800
Facsimile: 561.998.0047

*Attorneys for Office Depot, LLC, as*
*successor-in-interest to Office Depot, Inc.*

Furr and Cohen, P.A.

By: */s/*_____

Robert C. Furr
Fla. Bar No. 210854
rfurr@furrcohen.com
2255 Glades Road, Suite 301E
Boca Raton, Florida 33431
Telephone: 561.395.0500
Facsimile: 561.338.7532

*Attorneys for Stuart Roy Miller*

**Exhibit 7**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

In re:

STUART ROY MILLER,                              Case No.: 20-22497-EPK

       Debtor.                                  Chapter 11

_____/

OFFICE DEPOT, LLC,

        Plaintiff.

v.                                              Adv. Proc. No. 21-01074-EPK

STUART ROY MILLER,

        Defendant.

_____/

## **FINAL JUDGMENT**

THIS CAUSE, having come before the Court on the Joint Motion to Enforce Confidential Settlement and Release Agreement and for Entry of Final Judgment against Miller ("Joint Motion") filed by OFFICE DEPOT, LLC, as successor-in-interest to OFFICE DEPOT, INC. ("Office Depot"), and Debtor/Defendant, STUART ROY MILLER ("Miller"), and the Court, having reviewed the Joint Motion, noting the parties' agreement as represented in the Joint Motion, and being otherwise fully advised in the premises, it is hereby:

ORDERED and ADJUDGED as follows:

1.     The Joint Motion is GRANTED.

2.     Final judgment is entered in favor Office Depot, whose principal address is 6600 North Military Trail, Boca Raton, Florida, 33496, and against Miller, whose address is 3421 NW 25th Terrace, Boca Raton, FL 33434.

**Exhibit 8**

DocuSign Envelope ID: 56B4AB17-327F-41A5-9083-DEA4457D135A

3.      Office Depot shall recover from Miller the total amount of $_____, which is the amount of the consent final judgment entered against JRS Health Services LLC ("JRS"), Richard Falcha ("Falcha"), and Jeffrey Bishop ("Bishop"), jointly and severally, in the related state court matter, styled *Office Depot, LLC, as successor-in-interest to Office Depot, Inc. v. JRS Health Services, LLC, Richard Falcha, and Jeffrey Bishop*, Case No. 50-2021-CA-000631 XXXX MB ("State Court Lawsuit").  Miller shall be jointly and severally liable, along with JRS, Falcha, and Bishop, for this total amount, which amount shall bear interest from year to year at the annual rate provided by law, for all of which let execution issue.

4.      Pursuant to §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6) of the United States Bankruptcy Code, this final judgment is non-dischargeable, and Miller agrees not to seek to discharge this final judgment or oppose Office Depot seeking a determination of non-dischargeability of this final judgment in any subsequent bankruptcy proceeding.

5.      The Court retains jurisdiction to consider a motion for attorneys' fees and costs, to enforce the judgment debtor's compliance with this Final Judgment, to enter all post-judgment orders as may be necessary and proper related to the collection on this judgment, and to enter further orders as the Court deems just and proper.

DONE AND ORDERED in the Southern District of Florida this _____ day of _____, 2021.

_____

Erik P. Kimball, Bankruptcy Judge

**Exhibit 8**